JESSE M. SIEGEL
233 Broadway, Suite 2701
New York, NY 10279
(212) 207-9009
Attorney for Plaintiff
(JS 7331)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x

AARON THOMPSON,

                Plaintiff,

     v.

NEW YORK CITY, and JOSEPH ALOHAN,
ERIC COX, JOHN MC GURRAN, MARK COLLAO
and LEE DESPOSITO, police officers
for New York City, individually and
as police officers for
New York City,

                Defendants.

---------------------------------------x

CV 13 2951

COMPLAINT
AND DEMAND FOR
JURY TRIAL

AMON, CH.J.

ORENSTEIN, M.J.

## INTRODUCTION

1. This is an action for damages for the wrongful acts of defendants NEW YORK CITY, and New York City Police Officers JOSEPH ALOHAN, ERIC COX, JOHN MC GURRAN, MARK COLLAO and LEE DESPOSITO, of the New York Police Department, all acting under color of state law and pursuant to their authority, in violation of plaintiff's rights under the Constitution and laws of the United States and the State

1

of New York.

2. Plaintiff alleges that beginning on or about May 22, 2010, defendants committed wrongful and illegal acts against plaintiff, including falsely arresting and imprisoning him, maliciously prosecuting him, and violating his Federal and New York State civil rights.

**JURISDICTION**

3. This action is brought under 42 U.S.C. Section 1983 in conjunction with the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

5. Plaintiff further invokes this Court's pendant jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action, pursuant to 28 U.S.C. 1367.

6. Venue is laid within the United States District Court for

the Eastern District of New York in that the actions complained of occurred in the Eastern District of New York.

## TRIAL BY JURY

7. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

8. At all times relevant hereto, plaintiff AARON THOMPSON is and was a resident of Kings County, New York.

9. At all times relevant hereto, defendant NEW YORK CITY was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

10. Defendant JOSEPH ALOHAN is and was at all times relevant to this action a police officer, employed by the New York City Police Department, and acting under color of state law. He is being sued in both his individual and official capacity.

11. Defendant ERIC COX is and was at all times relevant to this action a police officer, employed by the New York City Police Department, and acting under color of state law. He is being sued in both his individual and official capacity.

12. Defendant JOHN MC GURRAN is and was at all times relevant to this action a police officer, employed by the New York City Police Department, and acting under color of state law. He is being sued

in both his individual and official capacity.

13. Defendant MARK COLLAO is and was at all times relevant to this action a police officer, employed by the New York City Police Department, and acting under color of state law. He is being sued in both his individual and official capacity.

14. Defendant LEE DESPOSITO is and was at all times relevant to this action a police officer, employed by the New York City Police Department, and acting under color of state law. He is being sued in both his individual and official capacity.

15. At all times relevant hereto and in all their actions described herein, defendants ALOHAN, COX, MC GURRAN, COLLAO and DESPOSITO were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

16. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of plaintiff.

**FACTUAL BACKGROUND**

17. On or about May 22, 2010, plaintiff found a gun while at

4

a party. Because he had previously had a bad experience while filing a report at a police precinct, plaintiff decided to turn the gun in at a church in the neighborhood. Plaintiff told a friend what he was going to do with the gun he had found.

18. At around 8:00 p.m. on May 22, 2010, plaintiff was at or near the corner of Rutland Road and East 98th Street in Brooklyn, New York, and walking toward the church, which was located around the corner on East 98th Street, and engaged in no criminal conduct. At that time and place, without legal cause, plaintiff was stopped, detained and searched by defendants JOSEPH ALOHAN and ERIC COX, who recovered the gun that plaintiff was bringing to the church to turn in.

19. Plaintiff explained to defendants ALOHAN and COX that he was in what amounted to transitory and legal possession of the gun, in that he explained that the gun was not his, and that he had found it and was on his way to the church to turn it in. He also told the police officers that he had told a friend that he had found the gun and was going to turn it in at the church, and that they could verify this with the friend.

20. Despite plaintiff's explanation, and without speaking to plaintiff's friend or conducting any investigation whatsoever, defendants ALOHAN and COX arrested plaintiff, handcuffed him, and transported him to the New York Police Department's 67th Precinct.

21. At the 67th Precinct, plaintiff was interrogated by defendants MC GURRAN, COLLAO and DESPOSITO. Plaintiff repeated what he had told defendants ALOHAN and COX about finding the gun and attempting to turn it in at the church, and that his friend could verify this.

22. Defendants ALOHAN, COX, MC GURRAN, COLLAO and DESPOSITO spoke and decided to proceed with charging plaintiff with possession of the gun.

23. Plaintiff was handcuffed and transported to Central Booking. He was subsequently arraigned, on or about May 23, 2010, in Kings County Criminal Court on a felony complaint, docket number 2010KN041269, charging him with criminal possession of a weapon in the second and fourth degrees, and held in jail in lieu of bail.

24. Plaintiff was transported to a New York City correctional facility at Rikers Island, where bail was posted on his behalf, and he was released from custody on or about May 25, 2010.

25. All charges against plaintiff were dismissed on or about December 15, 2010.

26. The arrest, charge, prosecution and imprisonment of plaintiff were the direct results of misconduct by defendants ALOHAN, COX, MC GURRAN, COLLAO and DESPOSITO.

27. At no time did plaintiff commit any acts, or engage in any conduct, which in any way justified the actions of the defendants.

28. Defendants ALOHAN and COX stopped, detained and searched plaintiff without probable cause, reasonable suspicion, or legal cause.

29. Defendants ALOHAN, COX, MC GURRAN, COLLAO and DESPOSITO ALOHAN and COX maliciously decided to charge plaintiff with unlawful possession of a gun despite knowing that the prosecution could not prevail as plaintiff had been searched illegally.

30. Defendants ALOHAN, COX, MC GURRAN, COLLAO and DESPOSITO ALOHAN and COX maliciously decided to charge plaintiff with unlawful possession of a gun despite knowing that the prosecution could not prevail as plaintiff had been in legal, transitory possession of the gun.

31. Defendant NEW YORK CITY knew of defendant ALOHAN's tendency to act in a way that violated the constitutional rights of individuals, and failed to protect plaintiff from such conduct.

32. Defendant NEW YORK CITY knew of defendant COX's tendency to act in a way that violated the constitutional rights of individuals, and failed to protect plaintiff from such conduct.

33. Defendant NEW YORK CITY knew of defendant MC GURRAN's tendency to act in a way that violated the constitutional rights of individuals, and failed to protect plaintiff from such conduct.

34. Defendant NEW YORK CITY knew of defendant COLLAO's tendency to act in a way that violated the constitutional rights of

individuals, and failed to protect plaintiff from such conduct.

35. Defendant NEW YORK CITY knew of defendant DESPOSITO's tendency to act in a way that violated the constitutional rights of individuals, and failed to protect plaintiff from such conduct.

36. Defendant NEW YORK CITY had a policy that encouraged police officers to stop and frisk young minority men such as plaintiff, and defendants ALOHAN and COX acted pursuant to that policy in stopping and frisking plaintiff.

37. As a direct and proximate result of the defendants' actions, plaintiff was falsely and illegally imprisoned for approximately 3 days, and had to return to court and miss work on at least 4 days.

38. As a direct and proximate result of the defendants' actions, plaintiff suffered mental anguish and psychological damage which required medical care.

39. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

40. Defendant NEW YORK CITY, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers, including the defendant police officers, with regard to the rights of individuals,

thereby causing the defendant officers in this case to engage in the unlawful conduct described above.

41. Defendant NEW YORK CITY, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of individuals, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

42. Defendant NEW YORK CITY, as a matter of policy and practice, has with deliberate indifference failed to properly investigate the background, beliefs and attitudes of prospective police officers in order to ensure it hires only police officers that respect and honor the constitutional rights of individuals, thereby causing police, including the defendants in this case, to engage in the unlawful conduct described above.

**COUNT ONE: VIOLATION OF CONSTITUTIONAL RIGHTS**
**(Defendants Alohan, Cox, McGurran, Collao and Desposito)**

43. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-42 of this complaint, as though fully set forth herein.

44. The acts, omissions and conduct of the defendants Alohan, Cox, McGurran, Collao and Desposito, members of the New York City Police Department, and acting under color of state law, deprived

plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to be free from false arrest, false imprisonment, and malicious prosecution, and to due process.

45. By these acts, omissions and conduct, these individual defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which the defendants are individually liable.

### COUNT TWO: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendant New York City)

46. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-45 of this complaint, as though fully set forth herein.

47. The acts, omissions and conduct of defendant NEW YORK CITY, as set forth above, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights: to be secure in his person and property; to be free from unlawful seizure, false imprisonment, and malicious prosecution; and to due process.

48. By these acts, omissions and conduct, defendant NEW YORK CITY has deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in

violation of 42 U.S.C. Section 1983.

## COUNT THREE: CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (Defendants Alohan, Cox, McGurran, Collao and Desposito)

49. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-48 of this complaint as though fully set forth herein.

50. The defendants Alohan, Cox, McGurran, Collao and Desposito conspired to violate plaintiff's civil rights by agreeing between themselves to falsely charge him with crimes as described above, in violation of 42 U.S.C. 1983, for which defendants are individually liable.

## COUNT FOUR: FALSE ARREST
### (Defendants Alohan, Cox, McGurran, Collao and Desposito)

51. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-50 of this complaint, as though fully set forth herein.

52. The acts, omissions and conduct of defendants Alohan, Cox, McGurran, Collao and Desposito, as alleged above, constitute false arrest under the laws of the State of New York. This Court has pendant jurisdiction to hear and adjudicate such claims.

### COUNT FIVE: FALSE IMPRISONMENT
### (Defendants Alohan, Cox, McGurran, Collao and Desposito)

53. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-52 of this complaint, as though fully set forth herein.

54. The acts, omissions and conduct of defendants Alohan, Cox, McGurran, Collao and Desposito, as alleged above, constitute false imprisonment under the laws of the State of New York. This Court has pendant jurisdiction to hear and adjudicate such claims.

### COUNT SIX: MALICIOUS PROSECUTION
### (Defendants Alohan, Cox, McGurran, Collao and Desposito)

55. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-54 of this complaint, as though fully set forth herein.

56. The acts, omissions and conduct of defendants Alohan, Cox, McGurran, Collao and Desposito, as alleged above, constitute malicious prosecution under the laws of the State of New York. This Court has pendant jurisdiction to hear and adjudicate such claims.

### COUNT SIX: RESPONDEAT SUPERIOR LIABILITY
### (Defendant New York City)

57. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-56 of this complaint, as though fully set

forth herein.

58. At all times pertinent hereto, defendants Alohan, Cox, McGurran, Collao and Desposito were acting within the scope of their employment as officers of the New York City Police Department.

59. Defendant NEW YORK CITY, through its agents, expressly authorized the individual defendants Alohan, Cox, McGurran, Collao and Desposito to violate plaintiff's constitutional rights, as described above; knew, through its agents, that the defendant officers had a propensity for committing such illegal acts in the line of duty, and acquiesced in the defendants' wrongful conduct.

60. Defendant NEW YORK CITY is thus liable under the doctrine of respondeat superior, for the intentional torts of defendants Alohan, Cox, McGurran, Collao and Desposito, committed within the scope of their employment.

**COUNT SEVEN: NEGLIGENCE**
**(Defendants Alohan, Cox, McGurran, Collao and Desposito)**

61. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-60 of this complaint, as though fully set forth herein.

62. The defendants Alohan, Cox, McGurran, Collao and Desposito, while acting as agents and employees for New York City, owed a duty to plaintiff to perform their duties without violating

13

plaintiff's constitutional rights. Defendants' illegal stop, arrest and detention of plaintiff constitutes negligence for which these defendants are individually liable.

### COUNT EIGHT: NEGLIGENCE
### (Defendant New York City)

63.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-62 of this complaint, as though fully set forth herein.

64.   Defendant NEW YORK CITY owed a duty to plaintiff to adequately screen prospective police officers, and to train, supervise and otherwise control its police officers in the use of their powers incidental to their employment.  Defendant NEW YORK CITY failed to provide adequate screening, training, supervision, and control of the individual defendants, which failure constitutes negligence.

**WHEREFORE,** Plaintiff requests the following relief:

a. Compensatory damages in the amount of TWO HUNDRED FIFTY THOUSAND (250,000) DOLLARS.

b. Punitive damages in the amount of TWO HUNDRED FIFTY THOUSAND (250,000) DOLLARS.

c. Reasonable attorneys fees and costs; and

      d. Such other and further relief as appears reasonable and just.

DATED:  New York, New York
           May 18, 2013

*[signature]*
Jesse M. Siegel (JS 7331)
Attorney for Plaintiff

233 Broadway, Suite 2701
New York, NY 10279
212-207-9009

15